UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

QUANTA INDEMNITY COMPANY

VERSUS

SOUTHERN HOMES, LLC; MEADOW LAKE INC.;
PINEHURST INC.; STERLING HOMES LLC;
SOUTHERN REALTY INC.; SPRINGHILL INC.;
GRAYS CREEK OF LOUISIANA LLC; SOUTHERN
HOMES AL, INC.; SOUTHERN HOMES LLC;
TALLOW CREEK LLC; SPRINGHILL LLC; and
ADRIAN KORNMAN

CASE NO.

SECTION:

JUDGE

MAG. JUDGE

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Quanta Indemnity Company ("Quanta"), brings this complaint for declaratory

judgment against Southern Homes, LLC; Meadow Lake Inc.; Pinehurst Inc.; Sterling Homes

LLC; Southern Realty Inc.; Springhill Inc.; Grays Creek of Louisiana LLC; Southern Homes AL,

Inc.; Southern Homes LLC; Tallow Creek LLC; Springhill LLC; and Adrian Kornman

(collectively the "Southern Homes Defendants") pursuant to Rule 57 of the Federal Rules of

Civil Procedure and 28 U.S.C. § 2201.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Quanta Indemnity Company is a corporation incorporated in the state of Colorado and having its principal place of business in the state of New York.

2.      Defendant Southern Homes, LLC is a non-Louisiana limited liability company whose members are upon information and belief Adrian Kornman, Naomi Kornman and/or Christopher Kornman who are all citizens of the state of Louisiana.

3.      Defendant Meadow Lake Inc. is a corporation incorporated in and having its principal place of business in the state of Louisiana.

4.      Defendant Pinehurst Inc. is a corporation incorporated in and having its principal place of business in the state of Louisiana.

5.      Defendant Sterling Homes LLC is a limited liability company whose members are Adrian Kornman and Naomi Kornman, who are both citizens of the state of Louisiana.

6.      Defendant Southern Realty Inc. is a corporation incorporated in and having its principal place of business in the state of Louisiana.

7.      Defendant Springhill Inc. is a corporation incorporated in and having its principal place of business in the state of Louisiana.

8.      Defendant Grays Creek of Louisiana LLC is a limited liability company whose sole member is Adrian Kornman who is a citizen of the state of Louisiana.

9.      Defendant Southern Homes AL, Inc. is a corporation incorporated in and having its principal place of business in the state of Alabama.

10.     Defendant Southern Homes LLC [without comma] is believed to be merely an alternate iteration of Southern Homes, LLC [with comma] which is a non-Louisiana limited

liability company whose members are upon information and belief Adrian Kornman, Naomi Kornman and/or Christopher Kornman who are all citizens of the state of Louisiana**.**

11.     Defendant Tallow Creek LLC is a limited liability company whose sole member is Adrian Kornman who is a citizen of the state of Louisiana.

12.     Defendant Springhill LLC is a limited liability company whose sole member is Adrian Kornman who is a citizen of the state of Louisiana.

13.     Defendant Adrian Kornman is an individual who is a citizen of the state of Louisiana and a member of those other defendants which are limited liability companies and an executive officer of those other defendants which are corporations.

14.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs.  Specifically, the cost of defending the underlying lawsuits and the damages sought by plaintiffs in those lawsuits against the Southern Homes Defendants exceeds $75,000, exclusive of interest and costs; and the limits of the insurance policy at issue exceed $75,000, exclusive of interest and costs.  Further, the sole plaintiff, Quanta Indemnity Company is diverse in citizenship from all of the defendants.

15.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(a)(2) and (3).

## DISPUTE AT ISSUE

16.     The dispute between Quanta and the Southern Homes Defendants concerns whether Quanta, as commercial general liability insurer of the Southern Homes Defendants under a certain policy of insurance, has a duty to defend and/or indemnify the Southern Homes Defendants in certain lawsuits pending against the Southern Homes Defendants alleging damages supposedly caused by Chinese Drywall, and whether Quanta has a duty to defend

and/or investigate the Southern Homes Defendants against certain unidentified claims which have not yet resulted in suit.

17.     Demand has been made upon Quanta to undertake the defense of certain of the underlying actions and to investigate certain Chinese Drywall claims that have not yet been sued upon.

18.     A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Quanta may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

## THE UNDERLYING LAWSUITS

19.     The Southern Homes Defendants are all in the business of constructing residential homes and have built homes in Louisiana.

20.     According to information received from an attorney for Southern Homes, LLC, a number of lawsuits have been filed in which plaintiff homeowners allege that various of the Southern Homes Defendants constructed their homes using Chinese Drywall and that the Chinese Drywall has caused those homeowners damages.

21.     Some of these lawsuits are presently pending in the Eastern District of Louisiana in MDL No. 09-2047, *In Re: Chinese-Manufactured Drywall Products Liability Litigation*. Others are pending in Louisiana state courts.

22.     The only lawsuit specifically identified by counsel for Southern Homes, LLC so far is *Payton v. Knauf Gips, KG, et al.*, Case No. 2:09-cv-7628 (*Payton*).

23.     A copy of those portions of the *Payton* complaint and supplement to the *Payton* complaint pertaining to Southern Homes, LLC, Tallow Creek, LLC, and Springhill, LLC, the allegations pertaining to the class representatives against these specific defendants, and the substantive allegations against all defendants is attached as Exhibit A.

24.     The *Payton* complaint asserts the following fifteen counts against all defendants: Negligence, Negligence Per Se, Strict Liability, Breach of Express and/or Implied Warranties, Statutory Claim on Behalf of Condominium Owners Under Florida Statutes Section 718.203, Breach of the Implied Warranty of Habitability, Breach of Contract, Violation of the Louisiana New Home Warranty Act, Redhibition, Louisiana Products Liability Act, Private Nuisance, Negligent Discharge of a Corrosive Substance, Unjust Enrichment, Violation of Consumer Protection Acts, and Equitable and Injunctive Relief and Medical Monitoring.

25.     On July 2, 2010 Southern Homes, LLC through its counsel made demand upon Quanta through its counsel to undertake the defense and indemnity of it in *Payton* and in other unidentified federal and state court suits, and to undertake investigation and defense of other unidentified pending claims that have not yet resulted in suits.  A copy of this demand e-mail together with a schedule forwarded with the e-mail is attached as Exhibit B.

26.     According to the schedule appended to the demand e-mail of July 2, 2010, while some of the homes of the *Payton* plaintiffs suing the Southern Homes Defendants may have been in the process of being constructed before January 1, 2006, none of the homes were closed upon by the various plaintiffs listed in the schedule before January 1, 2006.

## THE QUANTA POLICY

27.     Quanta issued a commercial general liability policy to Southern Homes, LLC, policy number QAG0002441-00, effective dates January 1, 2005 to January 1, 2006 (the "Quanta Policy").  A copy of the policy is attached hereto as Exhibit C.

28.     The policy includes as supplemental named insureds Meadow Lake Inc., Pinehurst Inc., Sterling Homes LLC, Southern Realty Inc., Springhill Inc., Grays Creek of Louisiana LLC, Southern Homes Al, Inc., Southern Homes LLC, Tallow Creek LLC, and Springhill LLC.

29.     The policy also states that members and managers of any named insured LLC are insureds with respect to the conduct or management of the business and that executive officers and directors of a named insured corporation are insureds with respect to their duties as officers or directors.  Adrian Kornman is a member of the LLCs and is an officer or director of the corporations which comprise the business entities within the Southern Homes Defendants. Further, upon information and belief, Adrian Kornman is a defendant in some of the unidentified suits referred to in the demand e-mail of July 2, 2010.

30.     The policy affords no coverage for the facts and claims upon which *Payton* is based and therefore Quanta has no duty to defend or indemnify any of the Southern Homes Defendants in *Payton*.

31.     In order to determine whether Quanta may have any duty to defend or indemnify any of the Southern Homes Defendants in any of the other unidentified lawsuits as to which demand has been made, Quanta must be given copies of the lawsuits, examine the allegations of those lawsuits, and be provided with the closing dates on the subject homes.  Until this is done, Quanta cannot possibly have any duty to defend or indemnify any of the Southern Homes Defendants in any unidentified lawsuits.

32.     Likewise, in order to determine whether Quanta may have any duty to undertake investigation and defense of other unidentified pending claims that have not yet resulted in suits, Quanta must be provided with full information regarding those claims, including being provided with the closing dates on the subject homes.  Until this is done, Quanta cannot possibly have any duty to undertake investigation and defense of any unidentified pending claims.

33.     The insuring agreement of the Quanta Policy provides in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies ....

Quanta Policy, Form CG 01 25 03 03.

34.     Under Coverage A, the Quanta Policy provides the following:

b. This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

> (2) The "bodily injury" or "property damage" occurs during the policy period….

Quanta Policy, Form CG 00 01 12 04.

35.     The Quanta Policy provides:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Quanta Policy, Form CG 00 01 12 04.

36.     The Quanta Policy also provides that:

This insurance does not apply to:

a.  Expected Or Intended Injury

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured….

Quanta Policy, Form CG 00 01 12 04.

37.     The Quanta Policy also provides that:

This insurance does not apply to:

b.  Contractual Liability

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement….

38.     The Quanta Policy contains pollution exclusions, including, in relevant part,

provisions on pollution that provide the policy does not apply to:

(f)  Pollution

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.  However, this subparagraph does not apply to:

(i) "Bodily injury" if sustained within a building at such premises, site or location and caused by smoke, fumes, vapor or soot from equipment used to heat that building;

(ii) "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or

(ii) Any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured,

contractor or subcontractor.  However, this subparagraph does not apply to:

> (i) "Bodily injury" or property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them.  This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

> (ii) "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

> (iii) "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

> ….

B.  The following are added to the Definitions Section:

> ….

> 2.  "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

CG 26 75 (01-02).

> (f)  Pollution

> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

….

II.  For the purposes of this endorsement only, definition 15 of SECTION V - DEFINITIONS is deleted and replaced by the following:

15.  "Pollutants" means any fungus/fungi, or any solid, liquid, gaseous, thermal, acoustic, electric, magnetic or electromagnetic irritant or contaminant.  "Pollutants" include but are not limited to, smoke, vapor, soot, dusts, spore(s), fumes, fibers, radiation, acid(s), alkalis, chemicals and waste….

GL TPE 001 (07-01).

(f)  Pollution

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

II.  For the purposes of this endorsement only, definition 15 of SECTION V - DEFINITIONS is deleted and replaced by the following:

15.  "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste….

GL-TPE-001-LA (04-04).

39.    The Quanta Policy also provides that:

j.  Damage to Property

"Property damage" to:

…..

(5)  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

….

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard"

k.  Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.  Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.  Damage To Impaired Property Or Property That Has Not Been Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

Quanta Policy, Form CG 00 01 12 04.

40.    The Quanta Policy defines "your product" and "your work" as follows:

21.  "Your product":

a.  Means:

(1)  Any goods or products, other than real property, manufactured, sold, handled, distributed, or disposed of by:

    (a)  "You"

    (b)  Others trading under your name; or

    (c)  A person or organization whose business or assets you have acquired; and

(2)  Containers (other than vehicles), materials, parts or equipment furnished in connection with such good or products.

b.  Includes

(1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and

(2)  The providing of or failure to provide warnings or instructions.

c.  Does not include vending machines or other property rented to or located for the use of others but not sold.

22.  "Your work":

a.  Means:

(1)  Work or operations performed by you or on your behalf; and

(2)  Materials, parts or equipment furnished in connection with such work or operations.

b.  Includes

(1)  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)  The providing of or failure to provide warnings or instructions.

Quanta Policy, Form CG 00 01 12 04.

    41.    The Quanta Policy also provides the following definition of the "products-completed operations hazard":

16.  "Products-Completed Operations Hazard"

a.  Includes all "bodily injury" and "property damage"
occurring away from premises you own or rent and arising out
of "your product" or "your work"….

Quanta Policy, Form CG 00 01 12 04.

42.     The Quanta Policy also provides the following definition of "Impaired Property"

8. "Impaired property" means tangible property, other than "your
product" or "your work," that cannot be used or is less useful
because:

a. It incorporates "your product" or "your work" that is known
or thought to be defective, deficient, inadequate, or dangerous;
or

b.  You have failed to fulfill the terms of a contract or
agreement;

if such property can be restored to use by:

a.  The repair, replacement, adjustment or removal of "your
product" or "your work;" or

b.  Your fulfilling the terms of the contract or agreement.

Quanta Policy, Form CG 00 01 12 04.

43.     The Quanta Policy excludes coverage for certain Designated Work.  Specifically

it provides:

EXCLUSION - DESIGNATED WORK

This endorsement modifies insurance provided under the
following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART

SCHEDULE

Description of your work:

….

3. Arising out of the design, manufacture, construction, fabrication, maintenance, repair, remodeling, service, correction, or replacement of any part of a "condominium project" and/or "community apartment project/co-operative project" and/or "commercial construction" and/or "common area(s)".

   a. For the purpose of this endorsement, "condominium project" means:  a development consisting of condominiums. A condominium consists of an undivided interest in common in a portion of real property coupled with a separate interest in space called a unit.

   b. For the purpose of this endorsement "community apartment project/co-operative" means:  a development in which an undivided interest in land is coupled with the right of exclusive occupancy of any apartment located thereon.

   ….

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

Quanta Policy, Form CG 21 34 01 87.

44.     The Quanta Policy also includes certain conditions including the following duties of the Southern Homes Defendants:

   2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

(1)  Immediately record the specifics of the claim or "suit" and the date received; and

(2)  Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

(1)  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)  Authorize us to obtain records and other information;

(3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Quanta Policy, Form CG 00 01 12 04.

## COUNT ONE – NO BODILY INJURY OR PROPERTY DAMAGE
## DURING POLICY PERIOD

45.  Under the Quanta Policy, Quanta agreed to afford coverage for sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage," only if the "bodily injury" or "property damage" occurs during the policy period.

46.  The Quanta Policy period was from January 1, 2005 to January 1, 2006.

47.  According to the Southern Homes Defendants' own records and admissions, none of the individuals who are suing any of them in *Payton* closed on their homes on or before January 1, 2006.

48.     Because the *Payton* plaintiffs could not have occupied or owned their homes during the policy period, the *Payton* plaintiffs could not have sustained "bodily injury" or "property damage" during the policy period and the liability, if any, of the Southern Homes Defendants cannot have arisen from "bodily injury" or "property damage" during the policy period.

49.     Accordingly, Quanta is entitled to a declaratory judgment that Quanta owes no duty to defend or indemnify any of the Southern Homes Defendants in the *Payton* case.

50.     Furthermore, as to any unidentified suits or unidentified claims that have not yet been sued upon, Quanta is entitled to a declaratory judgment that Quanta can owe no duty to defend, investigate, or indemnify any of the Southern Homes Defendants whenever the closing date on the subject home occurred after January 1, 2006.

### COUNT TWO – NONMONETARY RELIEF

51.     Under the Quanta Policy, the insuring agreement provides that Quanta will pay "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

52.     Quanta is entitled to a declaratory judgment that the Quanta policy does not cover claims for injunctive relief, unjust enrichment or other forms of nonmonetary relief and that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit claiming nonmonetary relief.

### COUNT THREE – EXPECTED OR INTENDED BODILY INJURY OR PROPERTY DAMAGE

53.     Under the Quanta Policy, there is no coverage for any bodily injury or property damage that was not caused by an accident, or that was expected or intended from the standpoint of the insured.

54.    Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of bodily injury or property damage that was not caused by an accident, or that was expected or intended from the standpoint of the insured.

## COUNT FOUR – POLLUTION EXCLUSION

55.    Under the Quanta Policy, there is no coverage for bodily injury or property damage arising out of pollution as defined and subject to the terms of the various pollution exclusions in the policy.

56.    Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of bodily injury or property damage arising out of pollution as defined and subject to the terms of the various pollution exclusions in the policy.

## COUNT FIVE – PROPERTY DAMAGE BECAUSE OF IMPROPER PERFORMANCE OF WORK

57.    Under the Quanta Policy, there is no coverage for property damage arising out of the operations of the Southern Homes Defendants or for property damage that must be restored, repaired or replaced because the work of any of the Southern Homes Defendants was improperly performed on it.

58.    Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim arising out of the operations of the Southern Homes Defendants or for damages because of property damage that must be restored, repaired or replaced because the work of any of the Southern Homes Defendants was improperly performed on it.

## COUNT SIX – YOUR PRODUCT EXCLUSION

59.     Under the Quanta Policy, there is no coverage for property damage arising out of the Southern Homes Defendants' products which includes, by definition, any products sold, handled, distributed, or disposed of by the Southern Homes Defendants including Chinese Drywall.  Products also includes by definition any warranties, representations, warnings or failure to warn.

60.     Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of property damage arising out of the Southern Homes Defendants' products.

## COUNT SEVEN – YOUR WORK EXCLUSION

61.     Under the Quanta Policy, there is no coverage for property damage to the work of the Southern Homes Defendants which includes by definition work or operations performed by the Southern Homes Defendants or on their behalf and materials such as Chinese Drywall furnished in connection with that work or operations.  Such work also includes by definition any warranties, representations, warnings or failure to warn.

62.     Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of property damage to the work of the Southern Homes Defendants.

## COUNT EIGHT – IMPAIRED PROPERTY EXCLUSION

63.     Under the Quanta Policy, there is no coverage for property damage to property that is impaired or that has not been physically injured arising out of any defect, deficiency, inadequacy or dangerous condition in the product or work of the Southern Homes Defendants as those terms are defined in the policy.

64.     Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of property damage to property that is impaired or not physically injured arising out of any defect, deficiency, inadequacy or dangerous condition in the product or work of the Southern Homes Defendants as those terms are defined in the policy.

### COUNT NINE – NO COVERAGE FOR BREACH OF CONTRACT OR BREACH OF WARRANTY

65.     Under the Quanta Policy, there is no coverage for liability assumed under a contract.  Further, under what are commonly referred to as the "business risk" exclusions (j. "Damage to Property"; k. "Damage to Your Product"; l. "Damage to Your Work"; and m. "Damage to Impaired Property or Property not Physically Injured") there is no coverage for liability arising out breach of contract or breach of warranty.  Further, a breach of contract or breach of warranty does not constitute an "occurrence" as defined in the policy.

66.     Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of breach of contract or breach of warranty.

### COUNT TEN – DESIGNATED PROPERTY EXCLUSION (CONDOMINIUMS)

67.     Under the Quanta Policy, there is no coverage for bodily injury or property damage included in the products-completed operations hazard arising out of a "condominium project" or a "community apartment project/co-operative" as defined in the policy.  Because the Southern Homes Defendants are demanding defense and indemnity for unidentified lawsuits and unidentified claims that have not been sued upon, Quanta is unable to determine whether any of those structures consist of a "condominium project" or a "community apartment project/co-operative" but if so, there is no coverage for such structures.

68.     Quanta is entitled to a declaratory judgment that the Quanta policy owes no indemnity to any of the Southern Homes Defendants in *Payton*, or in any lawsuit or claim for damages because of bodily injury or property damage arising out of a "condominium project" or a "community apartment project/co-operative".

## COUNT ELEVEN – INSURED'S DUTIES IN EVENT OF SUITS OR CLAIMS

69.     The Quanta Policy requires as a condition of coverage that the Southern Homes Defendants provide certain notifications to Quanta in the event of suits or claims.  Quanta's demand e-mail identifies the *Payton* case and certain plaintiffs in *Payton* along with the dates that those plaintiffs closed on their homes.  However, the e-mail otherwise does not specify the name of any other lawsuit, plaintiff, or claimant, nor provide any other information such as closing dates.  Until the Southern Homes Defendants provide further information regarding unidentified suits and claims as to which they demand defense, investigation and indemnity, there can be no possibility of coverage under the Quanta Policy.

70.     Quanta is entitled to a declaratory judgment that the Quanta owes no duty to defend, investigate or indemnify the Southern Homes Defendants as to any unidentified suits or claims for which the Southern Homes Defendants have failed to comply with the condition of their duties in the event of an occurrence, suit or claim.

WHEREFORE, Quanta Indemnity Company prays that this Court enter judgment declaring that Quanta Indemnity Company has no duty to defend or indemnify any of the Southern Homes Defendants in the *Payton* lawsuit; that Quanta Indemnity Company can have no duty to defend or indemnify any other suit or claim until the Southern Homes Defendants comply with all policy conditions concerning notification of suits and claims; that Quanta

Indemnity Company's coverage is excluded or limited in accordance with the terms of its policy

as set forth herein; and for all further relief as the Court may find just and appropriate herein.

Respectfully submitted,

*/s/ Madeleine Fischer*

MADELEINE FISCHER, T.A. (5575)
JOSEPH J. LOWENTHAL JR. (8909)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana   70170
Telephone:  (504) 582-8000 / Direct:  582-8208
Direct Facsimile:  (504) 589-8208
E-mail:  mfischer@joneswalker.com
E-mail:  jlowenthal@joneswalker.com

*Attorneys for Quanta Indemnity Company*